**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                     Case No. 2:06-CR-174

MICHAEL HAYS,

    Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant submits this memorandum in support of his request that he be sentenced to a period of probation under terms and conditions that will allow him to continue to work in order to support his wife and their three young children, as well as his eleven year old step daughter. We would ask that the sentence of probation also allow Mr. Hays to accept a new position with his present employer outside of the State of Wisconsin.

The Government in the plea agreement has agreed to make a motion for a downward departure under §5K1.1 of the Guidelines due to the substantial assistance Michael Hays has provided to the Government as of the preparation of this memorandum. The Government's request is for a downward departure of five levels, with a recommended sentence of 24 months in prison.

We believe that Mr. Hays is entitled to a downward departure under §5K1.1 to a probationary sentence, given the extensive and ongoing assistance he has provided to the Federal Bureau of Investigation and to the Computer Crimes and Intellectual Properties Section of the United States Department of Justice Criminal Division. That substantial assistance commenced

in April, 2004 and has continued to the present time.  Mr. Hays is also willing to continue such assistance and cooperation to the Government as a condition of probation.

In addition, Mr. Hays believes the Court should make a finding that he is eligible for a downward departure under Part H of the Guidelines.  In particular, we believe Mr. Hayes is entitled to a sentence outside the guideline range under §5H1.4 as to his physical condition and under §5H1.6 based upon his family ties and responsibilities.

## 5K1.1 DOWNWARD DEPARTURE

Attached to this Sentencing Memorandum is a December 19, 2006 letter from Robert Lerner to Assistant United States Attorney Stephen Ingraham, setting forth a timeline of the cooperation Mr. Hays has provided to the Government from April 2004 until the present time. Since that letter was written, Mr. Hays has met with an FBI agent concerning the matters set forth in paragraph 12 of the December 19, 2006 letter and Special Agent Trent Koplinski has advised Mr. Hays orally that the information recently supplied has the potential to lead to a significant investigation of illegal computer activities which the Government was not aware of prior to its meeting with Mr. Hays.

I am also including the attachment to the December 19th letter, a memorandum prepared for me by Mr. Hays on August 31, 2004 which summarizes his cooperation as of that date.

Mr. Hays has also prepared for me the enclosed memorandum dated January 1, 2007, which further summarizes, on a more up to date basis, the extent of Mr. Hays ongoing and continuing assistance to the Government on matters involved in the underlined investigation which led to Mr. Hays being a defendant at this time as well as to numerous other matters on which Mr. Hays has provided more than substantial assistance to the Government.

2

Case 2:06-cr-00174-JPS   Filed 01/18/07   Page 2 of 6   Document 12

It should also be noted that the Government sent Mr. Hays a proposed plea agreement as early as August, 2004 which provided for a downward departure motion by the Government. Another draft plea agreement was received in July, 2005 which again stated that the Government intended to recommend a downward departure based on Mr. Hays' cooperation up to that date. Finally, the third plea agreement was furnished to Mr. Hays last spring and was executed in early May, 2006. That plea agreement again indicated in paragraph 27 the Government's intention to recommend a downward departure based on Mr. Hays' cooperation to that date. Again, Mr. Hays has continued to assist the FBI since executing that plea agreement on May 3, 2006 up until the end of December and he remains willing to continue to assist the Government on various matters in the future.

It is clear and we do not believe the Government will debate it, but Michael Hays has supplied ongoing substantial assistance to the Government for at least 33 months. When he testified before the Federal Grand Jury in Charlotte, North Carolina, Eric Klumb, the attorney for the Computer Crimes and Intellectual Property Section of the Criminal Division of the Department of Justice told Mr. Hays and the writer of this brief that Mr. Hays has supplied extensive valuable information, some of which had been used to bring prosecutions and others which the Government could not use, but which was very valuable to the Government in and of itself. Mr. Klumb indicated that some of the information could not be used by the Government because some of the persons involved in the computer activity that Mr. Hays was providing information about did not live in the United States and that, in addition, other materials relevant to people within this country could not be used because the Government did not have the resources to investigate all of the matters uncovered by Mr. Hays.

Clearly, Mr. Hays' extensive assistance to the Government in and of itself should be the basis for the Court to impose a sentence of probation in this matter rather than any form of incarceration as a matter of fairness and so that Mr. Hays will be in a position to continue to assist the Government if it so wishes.

## DEPARTURE UNDER PART H

The Pre-Sentence Report reflects ongoing health concerns for Mr. Hays. See paragraph 54. We are attaching to this Sentencing Memorandum a letter dated September 21, 2005 from Dr. Mark Flick, which provides a more detailed description of Mr. Hays' cancer condition. Mr. Hays has continued to have ongoing concerns for his health and has had a level of anxiety as to his future that I have seldom seen in over 40 years of practicing law.

That anxiety is also compounded by his concerns for his wife, their three minor children and his eleven year old step daughter. He is the sole means of support for his family and these young children. He has exhibited great understanding of the consequences of his act can lead to not only punishment for him, but more importantly, will lead to extensive punishment of his wife and their family. It is rather ironic that Mr. Hays has these concerns given the stormy nature of all of his previous marriages and the contentment he has found in his present marriage and in their children.

We believe that while the physical condition of Mr. Hays and his family ties and responsibilities are "not ordinarily relevant" in a downward departure situation where there has not been substantial cooperation we believe the circumstances here are so extraordinary, especially as to his physical difficulties that even without his substantial assistance the court could appropriately make a downward departure based on those two factors.

4

## OTHER DEFENDANTS

On January 17, 2007, I talked with Eric Klumb regarding the Michael Hays' matter. He advised me that five members of MAGE have been indicted to date including Michael Hays. Of the other four, one Justin Emch (Microsoft), has his case still pending in Charlotte. A second, Houton Yaghmai (Sniper), has pled guilty but without being given a role enhancement points has a leader and there will be no downward departure recommendation in his case.

The two who have pled guilty and have been sentenced are Scott Walls (Digger-Spokane) and Sean Lammrich (Evil Bob UP). Neither Walls nor Lammrich were charged as leaders and in both cases the Government recommended downward departures of four levels. Scott Walls was sentenced to five months in jail with work release privileges and a $1,000 fine. He made a statement and cooperated with the government. However, Mr. Klumb reported that his cooperation was far less than that of Mr. Hays.

Sean Lammrich received eight months in prison and eight months home confinement. He also cooperated and assisted the Government. Mr. Klumb stated that Lammrich's cooperation was clearly less than that of Mr. Hays.

Finally, Mr. Klumb indicated that his views on the case were limited to what Mr. Hays did for him in his cases and that he is not overly familiar with the additional cooperation that Mr. Hays gave to the FBI in Milwaukee. He said he did not consider that FBI cooperation in his evaluation of Mr. Hays' case. He did indicate that without Mr. Hays' help, the Government never would have found Mr. Yaghmai and he considered that quite significant. Mr. Yaghmai is a Canadian citizen and Canadian authorities were not helpful in attempting to find Mr. Yaghami. Mr. Yaghmai was found and arrested in California based on information from Mr. Hays' persistence in using his great skills on a computer to locate Yaghmai.

## CONCLUSION

The Government will be moving for a downward departure based upon the cooperation Mr. Hays has given to the Government. The Government will recommend 24 months in prison. We believe the Government's position is in error. That error may be due to the fact that this investigation was not conducted by the United States Attorney's Office in Milwaukee and part of it may be due to the Government's lack of willingness to consider an exception to its normal policy in downward departure matters.

We believe the extraordinary circumstances in this case, especially the incredibly high level of assistance that Mr. Hays has provided to the Government, should have caused the Government to make an exception to its normal policy so as to lead to a recommendation of probation.

The court is not bound by the Government's policy and we believe that the joining that substantial assistance and cooperation with the health and family needs of Michael Hays makes a sentence of probation the most just disposition possible in this matter.

Dated this 18th day of January, 2007.

Respectfully submitted,

**HAWKS QUINDEL EHLKE & PERRY, S.C.**


Robert J. Lerner

Mailing Address:
P.O. Box 442
Milwaukee, WI 53201-0442