# United States District Court
## Eastern District of Wisconsin

U.S. DIST. COURT EAST DIST. WIS
FILED
JAN 2 3 2007
AT _____ O'CLOCK ___ M
SOFRON B. NEDILSKY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | Case Number: 06-CR-174-001 |
|  | Marshal Number: 08512-089 |
| MICHAEL HAYS. | |
|  | Robert Lerner — Defendant's Attorney |
|  | Stephan Ingraham — Assistant United States Attorney |

## THE DEFENDANT:

Pled guilty to the Single-Count Information.

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. §§ 2319 and 371; 17 U.S.C. § 506 | Copyright Infringement | 4/21/04 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: January 22, 2007



J. P. Stadtmueller
U.S. District Judge

January 22, 2007

Date Judgment Signed

Defendant: Michael Hays
Case Number: 06-CR-174

## IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for at total term of ninety (90) days as to the Single-Count Information.

The court makes the following recommendation to the Bureau of Prisons:

>  (1)that the defendant be considered for incarceration at a federal facility most near his family.

The defendant is to voluntarily surrender to the facility designated by the Bureau of Prisons on or after July 13, 2007.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy U. S. Marshal

Defendant: Michael Hays
Case Number: 06-CR-174

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of two (2) years as to Count One of the Indictment.

The defendant shall not commit another federal, state, or local crime and shall comply with the following special conditions:

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report to the probation office in the district to which the defendant is released.

2. The defendant is not to possess any firearms or other dangerous weapons.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will be obliged to serve a further term in prison.

4. The defendant shall cooperate in the collection of DNA under the direction of his supervising probation officer.

5. The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the direction of his supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.

6. The defendant is to pay any fine balance due at the time of his release at a rate of not less than one-hundred dollars ($100.00) per month. The defendant will also apply one hundred percent (100%) of any annual federal and/or state income tax refund toward payment of the fine balance. The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to his probation officer.

7. The defendant shall not open new lines of credit, which include the leasing of any vehicle or other property, or use existing credit resources without the prior approval of his supervising probation officer. After the defendant's court ordered financial obligations have been satisfied, this condition will no longer remain in effect.

8. The defendant is to provide access to all of the financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to his supervising probation officer.

9. The defendant shall consent to his supervising probation officer conducting periodic unannounced examinations of his computer(s) equipment, which may include hardware, removable storage/media devices, and copying of all data from the computer(s). This also includes removal of such equipment by his supervising probation officer, when necessary, for the purpose of conducting a more thorough examination.

AO 245B (Rev.06/05) Sheet 4 - Supervised Release

Defendant: Michael Hays
Case Number: 06-CR-174

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or his or her supervising probation officer.
2. The defendant shall report to his or her supervising probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by his or her supervising probation officer and follow the instructions of his or her supervising probation officer.
4. The defendant shall support his or her dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by his or her supervising probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify his or her supervising probation officer ten days prior to any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by his or her supervising probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of his or her supervising probation officer.
11. The defendant shall notify his or her supervising probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by his or her supervising probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit his or her supervising probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

O 245B (Rev.06/05) Sheet 5, Part A - Criminal Monetary Penalties

Defendant: Michael Hays
Case Number: 06-CR-174

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5 Part B.

|         | **Assessment** | **Fine**   | **Restitution** |
|---------|----------------|------------|-----------------|
| **Totals:** | $100.00        | $2,500.00  | NONE            |

### FINE

Based upon the defendant's limited financial resources, the court determines that the defendant does not have the financial ability to pay a fine within the guideline range. However, the court determines that the defendant has the ability to pay a nominal fine in the amount of $2,500.00. The court orders the fine due and payable immediately. The court considers the defendant's participation in the Federal Bureau of Prisons Inmate Financial Responsibility Program a necessary part of the repayment of the court-imposed financial obligations. Payments are to apply first to the special assessment and then to the fine until paid in full. The court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, community confinement and supervision and therefore waives the interest on the fine, costs of incarceration, costs of community confinement and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to 25 percent of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

AO 245B (Rev.06/05) Sheet 6, Part B - Criminal Monetary Penalties

Defendant: Michael Hays
Case Number: 06-CR-174

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) fine.

Special instructions regarding the payment of criminal monetary penalties:

During any period of supervised release, the defendant shall pay any balance of any fine at a rate of no less than $100.00 per month.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All Criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, his or her supervising probation officer, or the United States Attorney.